

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL                    AUSTIN, TEXAS
ATTORNEY GENERAL

May 19, 1947

Honorable Hall Logan, Chairman
State Board of Control
Austin, Texas                   Opinion No. V-206

                           Re:  Use of Special Cen-
                                tennial Fund for
                                purchase of French
                                Embassy.

Dear Mr. Logan:

          In accordance with the request made by the
Board of Control for re-examination of Treasury Ac-
count No. 23, "Special Centennial Fund", appropriated
by House Bill 728, Chapter 286, Acts of 49th Legisla-
ture, for the purchase of the French Embassy in Austin,
Texas, and in view of the recent report of the State
Auditor that the fund constitutes State money, we re-
port as follows:

          Without an audit or complete study of such
fund, and upon assumption that the fund was comprised
wholly of Federal appropriations left over from the
Texas Centennial, this Department held in former Opin-
ions, Nos. O-6522, O-6780 and V-27, that the money
could not be used in accordance with House Bill 728,
49th Legislature, for the purchase of the French Em-
bassy and grounds without the approval of Congress.

          Upon suggestions from the Offices of the
State Comptroller and State Treasurer that the remain-
ing money in the Special Centennial Fund actually rep-
resented amounts spent from State Centennial Funds
which could and should have been spent from Federal
funds, and that as a matter of bookkeeping, the Federal
funds had not been transferred nor applied to the ex-
cess spent out of State funds, this Office asked Hon.
C. H. Cavness, State Auditor, to examine the account.
By letter dated April 16, 1947, Mr. Cavness stated:

          "After reviewing the information sub-
     mitted, it is my opinion this balance can

be considered State funds subject to disposition by the Legislature.

"The balance in the fund is a residue of funds received from the Federal government, from private donors and from reallocation made by the Centennial Control Commission out of funds granted for specific and special projects within the Centennial program.

"The commingling of these funds and the fact that the Federal Centennial Commission long ago made its final report and returned to the United States Treasury their unallocated balance precludes, I believe, any other claim to the present funds other than the claim of the State of Texas."

In view of this report, the fact situation is entirely different from the statement or assumption of facts on which previous opinions of this Office were based. In accordance with such findings by the State Auditor, we now hold that the fund was subject to appropriation for the purposes set out in House Bill 728 of the 49th Legislature, which provides in part as follows:

"There is hereby appropriated all moneys now in the Texas Centennial Commission funds if and when available, to apply on the purchase of the French Embassy building and all properties therein. . ."

(Section 2 contains a description of the property to be purchased under said Bill.)

"Said building is hereby set aside for the uses and purposes of the Daughters of the Republic of Texas, and the said Daughters of the Republic of Texas be and the same are hereby authorized to take full charge of said building and use of the same as they may see proper. The property of the said French Embassy shall be the property of the State, and the

   title of said property shall remain in
   the custody of the Board of Control."

   Accordingly, it is our opinion that the Board
of Control may contract for the purchase of the proper-
ty, and when there is tendered to the Board a good and
sufficient deed conveying fee simple title to the State
of Texas, you are authorized to accept the same for the
State. Thereupon, you will be authorized to request
that the Comptroller issue a warrant for the payment
out of the Treasury to the owners of said property, of
the balance of said fund, provided, of course, that the
actual purchase price of said property is at least e-
qual to that balance. The Comptroller will be author-
ized to issue, and the Treasurer will be authorized to
pay such warrant. We call your attention to the fact
that House Bill 728 became effective on May 31, 1945.
Your contract for purchase should be completed on or
before May 31, 1947, before the appropriation expires.

## SUMMARY

   Since the State Auditor has found
Treasury Account No. 23, "Special Cen-
tennial Fund", to be State funds (a fact
situation which was not known when for-
mer Opinions, Nos. 0-6522, 0-6780 and
V-27 were written), the balance therein
may be used by the Board of Control in
accordance with House Bill 728, 49th
Legislature, for the purchase of the
French Embassy.

                                   Very truly yours

                                   Price Daniel
                                   Price Daniel
                                   Attorney General

PD/rt/erc